OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
The instant proceeding was commenced pursuant to CPLR 7510 to confirm an arbitration award of a Beth Din which provided in relevant part as follows:
“whereas: Mr. Erber, (hereinafter called the petitioner), and Mr. David Goldstein, (hereinafter called the defendant), have *793 appeared before the above named Beth Din on the 15th day of Kislev, 5761 corresponding to December 12, 2000, and have agreed to present their claims and counterclaims, signed a binding agreement to abide by the decision and ruling of the Beth Din.
“Petitioner stated that in December 1968 the Defendant asked for an Interest Free Loan of twelve thousand dollars ($12,000) to be repaid in two years. Petitioner asked his mother-in-law, Mrs. Margaret Fried to write the check for said loan and on November 26, 1968 a check in the amount of $12,000 was issued to the Defendant signed by Mrs. Fried. On that date, the defendant signed a note assuming personal obligation to repay the loan. On November 1, 1970, the defendant gave the petitioner a company check (Grand Basket Co., Inc.), payable to Margaret Fried in the amount of $12,000 and signed by the defendant. The petitioner stated that the defendant then requested that said check be held for a few days since there were as yet insufficient funds in the account to cover the check. This request was repeated a few times, and payment delayed, until the check was put away in a safe place. Subsequently, Mrs. Margaret Fried passed away and the petitioner himself took ill. On October 27, 2000, the still uncollected check was found in the pocket of Petitioner’s old jacket at which time the petitioner and his family confronted the defendant and requested payment. Defendant refused to pay.
“In response, the defendant stated that he did in fact request the loan but that he repaid it. He also noted that since the check was never presented for collection he, the defendant, was under the impression that the loan was forgiven and he considered it a gift by Mrs. Margaret Fried.”
The Beth Din then ruled that Goldstein was obligated to repay the $12,000 loan.
Appellant, having participated in the arbitration, is limited to the defenses of corruption, fraud, misconduct, bias, that the panel so exceeded its power or so imperfectly executed it that a final and definite award was not made upon the matter submitted, or that there was a failure to follow the procedures of article 75 of the CPLR (see CPLR 7511 [b]; Goldfinger v Lisker, 68 NY2d 225 [1986]). Appellant, in opposing the application to confirm, failed to establish any of the foregoing defenses warranting a vacatur of the award nor did he establish any ground under CPLR 7511 (c) for modifying the award. Accordingly, the lower court properly confirmed the award.
*794 We find appellant’s other contentions on appeal to be without merit.
Pesce, P.J., Aronin and Patterson, JJ., concur.